**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HANNELORE ANDERSON,
Administratrix of the Estate of
Wesley G. Anderson, deceased, and
Hannelore Anderson, in her own
right,

No. 98-2240

Plaintiff-Appellant,

v.

QUALITY STORES, INCORPORATED;
UNITED COATINGS, INCORPORATED,
Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CA-97-38-5)

Argued: April 8, 1999

Decided: June 14, 1999

Before WILKINS, WILLIAMS, and KING, Circuit Judges.

_____

Reversed and remanded for further proceedings by unpublished per
curiam opinion.

_____

**COUNSEL**

**ARGUED:** David Bennet Rodes, GOLDBERG, PERSKY, JEN-
NINGS & WHITE, P.C., Pittsburgh, Pennsylvania, for Appellant.

James Robert Miller, DICKIE, MCCAMEY & CHILCOTE, P.C., Pittsburgh, Pennsylvania, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Hannelore Anderson brought this action on behalf of herself and as Administratrix of the Estate of Wesley G. Anderson (Anderson)* against Quality Stores, Incorporated and United Coatings, Incorporated (collectively, "Defendants"), claiming that they were liable for damages the Andersons suffered as a result of Defendants' failure to warn of the danger of a component of spray paint used by Anderson. The district court granted summary judgment in favor of Defendants, ruling that the two expert opinions proffered by Anderson in support of causation were unreliable and that without these opinions Anderson had failed to present evidence sufficient to raise a genuine issue of material fact concerning causation. Concluding that the district court abused its discretion in refusing to consider the experts' opinions and that with these opinions the evidence was sufficient to raise a genuine issue of material fact on causation, we reverse the decision of the district court and remand for further proceedings.

I.

On April 26, 1995, Anderson, a 67-year-old retired truck driver, used a number of 11-ounce cans of black flat spray paint purchased by his wife from Quality Stores, Incorporated and manufactured by United Coatings, Incorporated to paint 22 window shutters that had been removed from his house and placed in his yard. The following

_____

*For ease of reference, we refer to Anderson as having prosecuted this action.

2

evening, Anderson began to experience a number of physical problems, principally breathing difficulties. These breathing difficulties led him to sit near an open window during the nights of April 27 and 28. On April 29, Anderson was admitted to the hospital with complaints of generalized weakness in his legs and arms, chest congestion, and indigestion. He was diagnosed with Adult (or Acute) Respiratory Distress Syndrome (ARDS), continued to deteriorate, and died approximately three weeks later. Subsequently, this diversity action was filed alleging strict liability, negligence, and breach of warranty and claiming that Anderson's death resulted from the inhalation of toxic chemicals, specifically toluene, in the spray paint.

II.

The introduction of expert opinion testimony is governed by Federal Rule of Evidence 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert ... may testify thereto in the form of an opinion or otherwise.

Expert testimony is admissible under Rule 702, then, if it concerns (1) scientific, technical, or other specialized knowledge that (2) will aid the jury or other trier of fact to understand or resolve a fact at issue. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592 (1993). The first prong of this inquiry necessitates an examination of whether the reasoning and methodology underlying the expert's proffered opinion is reliable--that is, whether it is supported by validation adequate to render it trustworthy. See id. at 590 & n.9. The second prong of the inquiry requires an analysis of whether the opinion is relevant to the facts at issue. See id. at 591-92. Thus, an expert's testimony is admissible under Rule 702 if it "rests on a reliable foundation and is relevant." Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167, 1171 (1999) (internal quotation marks omitted). This court reviews the decision of a district court to admit or exclude expert evidence for an abuse of discretion. See General Elec. Co. v. Joiner, 522 U.S. 136, 139 (1997).

Defendants contend that the proffered opinions of Anderson's experts on causation were not based on a reliable methodology. Con-

3

sequently, they maintain that the district court properly refused to consider them in determining whether Anderson had raised a genuine issue of material fact on causation. Specifically, Defendants argue that (1) in light of the lack of data on the level of Anderson's exposure to the chemicals in the spray paint, any opinion on causation is conjecture; (2) the medical literature offered by Anderson's experts in support of their conclusions was inadequate to support a conclusion that toluene could cause ARDS; and (3) an expert opinion based upon the temporal relationship between the onset of Anderson's ARDS and his exposure to the spray paint and on a differential diagnosis is not reliable. These arguments echo the ruling of the district court, which found the opinion of one expert to be unreliable because he was unable to quantify Anderson's exposure and because"the temporal connection between Mr. Anderson's exposure to the paint fumes and his subsequent death [was not] so compelling as to allow this Court to permit the expert to set aside any standard methods used in determining the cause of death." J.A. 250a. The district court similarly rejected the other expert's opinion based on a differential diagnosis, again focusing on the fact that there was no evidence quantifying the level of exposure.

In Westberry v. Gislaved Gummi AB, No. 98-1540(L) (4th Cir. May 20, 1999), we held that an expert's opinion based upon a reliable differential diagnosis and a strong temporal proximity between the exposure and the onset or worsening of symptoms is sufficiently trustworthy to satisfy the reliability prong of Rule 702. It is undisputed that the Material Data Safety Sheet and medical literature supported a conclusion that the presence of significant amounts of chemicals from the spray paint in the lungs could result in pulmonary problems and that Anderson painted 22 shutters with spray paint; thus, his exposure was substantial. See id. at ___ (holding that although there must be a sufficient basis to conclude that exposure to a substance at a given level is harmful to humans, hard evidence on level of exposure is not necessary to support expert testimony on causation so long as substantial exposure is harmful and plaintiff's exposure was substantial). Because the expert opinions proffered by Anderson were based on a reliable differential diagnosis and a strong temporal relationship between a substantial exposure to the paint fumes and the onset of Anderson's symptoms, the district court abused its discretion in rejecting the opinions as unreliable.

4

Defendants also complain that the experts' opinions submitted by Anderson could not be considered in the summary judgment equation because he did not submit the opinions in the appropriate format. In his response to Defendants' motion for summary judgment, Anderson submitted the experts' reports with accompanying cover letters setting forth their opinion that exposure to the spray paint caused Anderson's ARDS. Initially, however, Anderson did not file affidavits from the experts. In their reply, Defendants maintained that the experts' opinions could not be considered because they had not been presented properly. Anderson then submitted affidavits from both experts attesting to the correctness of the previously filed material. The district court ruled that the affidavits were untimely, and because no motion seeking to file the untimely material had been made, the court refused to consider the experts' affidavits.

Defendants are correct that the initial materials submitted by Anderson--the reports and cover letter of the experts unaccompanied by affidavits attesting to their authenticity--did not comply with the requirements of Federal Rule of Civil Procedure 56(e) and therefore could not properly be considered in opposition to summary judgment. See Fed. R. Civ. P. 56(e); Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996) (explaining "that affidavits submitted on summary judgment [must] contain admissible evidence and be based on personal knowledge"). Nevertheless, Federal Rule of Civil Procedure 56(c) permits the filing of opposing affidavits anytime prior to the day of the hearing on a motion for summary judgment. Here, the docket sheet indicates that no hearing was conducted on the motion for summary judgment. Under these circumstances, affidavits submitted in adequate time to permit the district court to consider them prior to issuing a ruling should be considered. Accordingly, the district court erred in failing to consider the experts' affidavits, which were submitted by Anderson well in advance of the ruling on summary judgment.

III.

In light of our decision in Westberry holding that a reliable differential diagnosis and a temporal relationship between substantial exposure and onset of symptoms demonstrate trustworthiness of expert opinions on causation, the district court abused its discretion in hold-

5

ing that the experts' opinions proffered by Anderson were unreliable and thus inadmissible under Rule 702. Further, the affidavits of Anderson's experts, which cured the initial defect in Anderson's summary judgment submissions, should have been considered by the district court. Taking into account the experts' opinions, we conclude that the grant of summary judgment was improper because the evidence is sufficient to raise a genuine issue of material fact concerning causation. See Fed. R. Civ. P. 56(c) (explaining that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988) (holding that this court reviews de novo the decision of the district court to grant summary judgment). Thus, we reverse the decision of the district court and remand for further proceedings.

REVERSED AND REMANDED
FOR FURTHER PROCEEDINGS